# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-02336 PA (SPx) | Date | December 20, 2019 |
|---|---|---|---|
| Title | Howard Carlstrom, et al. v. Specialized Loan Servicing, LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant Specialized Loan Servicing, LLC ("Defendant"). (Dkt. No. 1.) The Notice alleges this Court possesses diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). Here, the Notice of Removal states, "Plaintiffs are citizens of California for purposes of diversity jurisdiction." (Dkt. No. 1 ¶ 9.) The Notice of Removal relies on page 1 of the Complaint. (Id.) But page 1 of the Complaint only states Plaintiffs are "the rightful and lawful owner[s] of [the real property at issue] located in the County of Riverside, State of California." (Dkt. No. 1-1 at ¶ 1.) Page 1 of the Complaint does not give any indication of Plaintiffs' citizenship, where Plaintiffs are domiciled, or even where Plaintiffs currently live. All the Complaint demonstrates is that Plaintiffs own real property in California. Thus, Defendant has not adequately alleged Plaintiffs' citizenship. Kanter, 265 F.3d at 857 ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."); see also Healthcare Ally Mgmt. of California, LLC v. US Airways, Inc., 16-CV-1411, 2016 WL 1069944, at *2 (C.D. Cal. Mar. 17, 2016)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-02336 PA (SPx) | Date | December 20, 2019 |
|---|---|---|---|
| Title | Howard Carlstrom, et al. v. Specialized Loan Servicing, LLC | | |

([T]he Notice of Removal's allegation that Plaintiff is a citizen of California, which relies exclusively on a citation to the Complaint that does not in fact allege Plaintiff's citizenship, is not a proper or sufficient allegation of Plaintiff's citizenship, and Defendant has therefore failed to sufficiently allege the Court's diversity jurisdiction.")

For this reason, the Court concludes that Defendant has not met the burden of showing this Court has subject matter jurisdiction over Plaintiffs' claims. This action is therefore remanded to the Superior Court of California for the County of Riverside, Case No. RIC 1905003, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.